| USDC-SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC#: |
| DATE FILED: |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHARMA ROSS,

                Petitioner,

v.

CHRISTOPHER MILLER,

                Respondent.

---

No. 14-CV-3098 (RA) (JLC)

OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Before this Court is *pro se* Petitioner Sharma Ross's Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"), challenging his March 30, 2005 conviction for second-degree murder in New York State Supreme Court, Bronx County; his two motions for leave to amend his Petition; and his motion to stay his Petition to return to state court. Also before this Court is the Report and Recommendation ("Report") of Magistrate Judge James L. Cott, which recommends the denial of the two motions for leave to amend except for two claims that relate back to the Petition, and the dismissal of Ross's Petition. The Court adopts the exhaustive Report, denies the motions to amend the Petition except for the two claims, denies the motion to stay, and denies the Petition in its entirety.

## BACKGROUND

The Court assumes the parties' familiarity with the facts and procedural history underlying the petition and sets forth only those facts directly relevant to the issues raised in the petition. *See* Report at 2–14 (Dkt. 36).

In February 2005, a jury convicted Ross of murder in the second degree and of criminal possession of a weapon in the third-degree. Finding Ross to be a second-violent-felony offender,

the trial court sentenced him to 25 years to life for the murder and seven years for the weapons possession, to run concurrently. On direct appeal, the Supreme Court, Appellate Division, First Department unanimously affirmed his conviction, *People v. Ross*, 952 N.Y.S.2d 35 (1st Dep't 2012), and the Court of Appeals denied his leave to appeal, *People v. Ross*, 984 N.E.2d 332 (N.Y. 2013). In April 2010, Ross filed a motion to vacate his conviction in state court pursuant to C.P.L. § 440.10, which the Bronx County Supreme Court denied. Dkt. 34, Ex. 14. His § 440 motion was based on six grounds of alleged ineffective assistance of counsel, including his trial counsel's agreement to a stipulation that contradicted Ross's trial testimony as well as counsel's failure to object to the prosecutor's summation and the trial court's alibi instruction.

On April 14, 2014, proceeding *pro se*, Ross timely filed this Petition, asserting five grounds for relief. Ross argues that (1) he was denied the right to a fair trial when the trial court allowed a police detective to testify that he believed Ross to be guilty; and (2) when the prosecutor made inflammatory remarks in summation; (3) his counsel was ineffective because he stipulated to a fact that contradicted Ross's testimony; (4) he was denied due process because the trial court's alibi instruction failed to convey the government's burden to disprove the alibi; and (5) the trial court should have suppressed his statements to the police because they were involuntary and violated his right to counsel.

On July 14, 2014, after filing the Petition, Ross filed a writ of error *coram nobis* in the New York state courts, asserting ineffective assistance by his appellate counsel. The Appellate Division, First Department denied his petition for the *coram nobis* writ, Dkt. 24, Ex. 6, and the Court of Appeals denied him leave to appeal, Dkt. 35 at 2. On January 11, 2015, before he was denied leave to appeal his *coram nobis* petition, Ross asked for a stay to fully exhaust that petition so that he might amend his Petition to include the *coram nobis* claims. Dkt. 29.

On April 7, 2016, Judge Cott recommended that this Court deny the Petition, finding claims (1), (2), and (4) procedurally barred and claims (3) and (5) meritless. The Report also recommended denying Ross leave to amend his Petition as to all but two of his § 440 and *coram nobis* claims, and found those two claims meritless. On May 16, 2016, after receiving additional time to do so, Ross filed objections to the Report. Dkt. 39. On November 16, 2016 he filed a motion for leave to file amended objections, Dkt. 41, which this Court construed as a request to file his amended objections out of time and granted, Dkt. 43.

On August 16, 2016, Ross also filed a motion to stay the federal habeas proceedings so as to return to state court and exhaust any unexhausted claims. Dkt. 40; *see Rhines v. Weber*, 544 U.S. 269, 275–76 (2005) ("[A] district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court."). On November 29, 2016, Ross filed a motion for leave to file an amended request for a stay, Dkt. 40, which this Court granted, Dkt. 43.

On January 31, 2017, the Bronx County District Attorney's filed a letter responding to Ross's amended objections to the Report and his motion for a stay. Dkt. 45. On February 24, 2017, Ross filed a response to that letter. Dkt. 47.

## LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Under Federal Rule of Civil Procedure 72(b)(2), a party may make "specific written objections to the proposed findings and recommendations" within fourteen days of being served with a copy of a magistrate judge's recommended disposition. "When a timely

3

and specific objection to a report and recommendation is made, the Court reviews *de novo* the portion of the report and recommendation to which the party objects." *Razzoli v. Federal Bureau of Prisons*, No. 12-CV-3774 (LAP), 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014); 28 U.S.C. § 636(b)(1). "To accept those portions of the report to which no timely objection has been made, however, 'a district court need only satisfy itself that there is no clear error on the face of the record.'" *Razzoli*, 2014 WL 2440771, at *5 (quoting *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). "[W]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (citation omitted). "This standard of review must be applied while remaining cognizant of the court's obligation to construe a *pro se* litigant's submissions liberally in the light that they raise the strongest possible arguments that they suggest." *Genao v. United States*, No. 08-CV-9313 (RO), 2011 WL 924202, at *2 (S.D.N.Y. Mar. 16, 2011).

Federal courts only grant habeas petitions if the adverse state-court decision on the merits "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). To be contrary to clearly established federal law, the relevant state-court decision must be "opposite" to a conclusion the U.S. Supreme Court has made on a matter of law, or "decide[] a case differently" than the Supreme Court "on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 364–65 (2000). The state-court decision makes an unreasonable application of clearly established federal law if it makes an "objectively unreasonable" application of the governing legal rule to the specific facts of the case.

4

*White v. Woodall*, 572 U.S. 415, 419 (2014). "If this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

## DISCUSSION

### I.  Claims (1), (2), and (4)

Federal courts will not review claims that state courts have already rejected if the rejection rests on a state-law ground "independent of the federal question and adequate to support the judgment," whether that state ground is procedural or substantive. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). A state court's reliance on a procedural rule qualifies as independent if it is "clear from the face of the opinion," *Carrion v. Smith*, 549 F.3d 583, 587 n.1 (2d Cir. 2008) (citation omitted), and qualifies as adequate if it is "firmly established and regularly followed," *Smith v. Texas*, 550 U.S. 297, 313 (2007).

After a thorough analysis of the relevant state procedural rule, Judge Cott rightly found that Ross's claims (1), (2), and (4) were procedurally barred by an independent and adequate state law. Report at 20. Judge Cott also rejected Ross's argument that the ineffective assistance of his counsel constituted cause for his procedural default. *Id.* at 25–26; *see Murray v. Carrier*, 477 U.S. 478, 486–89 (1986).[1] In objecting, Ross contends that New York State jurisprudence at the time of his litigation in state court "made it virtually impossible to adequately present an ineffective assistance of trial counsel claim on direct appeal," citing *Trevino v. Thaler*, 569 U.S. 413 (2013). Dkt. 41 at 2–3; Dkt. 42 at 2–6. Ross argues that this Court may excuse his procedural default because, prior to a change in the law in 2011, New York state defendants were forced to bring record-based ineffective-assistance claims on direct appeal and others via collateral attack,

---

[1] Judge Cott also noted that Ross could not argue that he suffered a fundamental miscarriage of justice because he had not argued that he was actually innocent—the only contention that can trigger the fundamental-miscarriage exception to procedural default. Report at 27; *see Murray*, 477 U.S. at 495–96.

5

preventing such claims from receiving their due assessment. Dkt. 42 at 2–6, 9. None of the three procedurally barred claims discussed above, however, are ineffective-assistance claims, so Ross's objection is not relevant here. *See Ford v. Smith*, No. 12-CV-8993 (VB) (LMS), 2016 WL 7647042, at *12 n.13 (S.D.N.Y. Aug. 8, 2016) (discussing *Trevino* as specifically relevant to ineffective-assistance-of-counsel claims made in collateral attacks).

In light of Ross's *pro se* status, Judge Cott also considered the argument that ineffective-assistance of his trial counsel may establish cause to excuse Ross's procedural default. The Report rightly concluded that trial counsel's conduct did not meet the required showing of performance marked by "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 57–60; *Strickland v. Washington,* 466 U.S. 668, 687 (1984). This Court agrees with the Report's analysis, as well as its conclusion that the conduct was not constitutionally deficient. Report at 57–60; *see Murray*, 477 U.S. at 488. In sum, the Court finds no error in Judge Cott's procedural-bar conclusion. Claims (1), (2), and (4) are barred.

**II. Claims (3) and (5)**

**A. Claim (3)—Ineffective Assistance of Counsel**

Ross alleges in claim (3) that his counsel was constitutionally ineffective for stipulating, in front of the jury, that Ross had been in possession of certain police reports longer than two weeks, even though Ross had just testified to the contrary on cross-examination.

A successful ineffective-assistance claim must demonstrate both that a counsel's performance was so deficient that it "fell below an objective standard of reasonableness" and that the deficient performance prejudiced the defendant, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 688, 694. "A reasonable probability is a probability sufficient

6

to undermine confidence in the outcome." *Id.* at 694. Courts need not address both the deficient-performance and prejudice prongs if a petitioner fails to demonstrate either one. *Id.* at 697.

On Ross's direct appeal, the First Department held that the stipulation did not constitute ineffective assistance of counsel because "[t]here was no significant contradiction" between Ross's testimony and the stipulation and because Ross failed to show prejudice. *Ross*, 99 A.D. 3d at 484. Judge Cott concluded that the First Department's ruling was not contrary to clearly established federal law. Report at 40–42. This Court agrees; in particular, with respect to the prejudice prong, given the ample evidence otherwise undermining Ross's credibility, *see id.* at 42, there is no reasonable probability that he would have been acquitted if not for the stipulation. This Court thus sees no error and agrees with Judge Cott that claim (3) is meritless.

### B. Claim (5)—Voluntariness of Statements

Ross alleges in claim (5) that the trial court should have suppressed his statements to police as involuntary because of the protracted nature of his interrogation, inappropriate questioning by detectives, denial of the right to counsel, and refusal to allow him to contact his wife. At the pre-trial *Huntley* hearing, the state court found that the interrogation was lengthy but did not amount to coercion. Judge Cott concluded that any contrary conclusion would be "pure conjecture," Report at 32. He also concluded that there was insufficient evidence to establish that any inappropriate questioning had taken place, *id.* at 32–33; determined that the police conduct regarding Ross's wife fell far short of conduct that might have made the interrogation coercive, *id.* at 33–35; *see Haynes v. State of Washington*, 373 U.S. 503, 508–12 (1963); and noted that the Sixth Amendment right to counsel is offense-specific, and thus did not attach when Ross was arrested on his public-drinking warrant, *id.* at 35–36; *see McNeil v. Wisconsin*, 501 U.S. 171, 175–76 (1991). If Ross objected to this finding, it was only with the most general assertions about fundamental fairness.

7

In any event, the Court sees no error, clear or otherwise, with Judge Cott's conclusion that claim (5) is meritless.

## III. Leave to Amend

### A. Claims from § 440 Motion

Judge Cott also largely rejected Ross's request, Dkt. 32, to amend his Petition and add the ineffective-assistance claims made in his § 440 motion on timeliness grounds, Report at 42–47. The request to add those claims came 11 months after the 28 U.S.C. § 2244(d)(1) deadline. Federal Rule of Civil Procedure 15 governs amendments to habeas petitions. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). Untimely claims may only be included if they relate back to the facts underlying the timely claims, *see* Fed. R. Civ. P. 15(c), but "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Mayle*, 545 U.S. at 664. Judge Cott concluded that most of the claims did not relate back to the same set of core facts that formed the basis for his timely claim. *Id.* at 45. Nonetheless, "in an abundance of caution," the Report analyzed two new ineffective-assistance claims that it found could be construed as relating back to facts raised in the timely Petition: his trial counsel's failure to object to the prosecution's summation and the trial court's alibi instruction, and the failure to call another detective at the state *Huntley* hearing to ask about alleged inappropriate questioning. *Id.* at 47. After exhaustively considering the facts underlying those new claims, the Report properly concluded that trial counsel had not acted deficiently in either instance. *Id.* at 48–57. Ross did not object to the Report's claim-by-claim relation-back and *Strickland* analyses, *see* Report at 44–57, and this Court sees no error with them, clear or otherwise.

Ross does assert a new reason to justify his untimely request to amend his Petition. Ross claims that an inmate legal assistant told him that only claims raised on direct appeal could be

8

raised in his Petition and that Ross risked dismissal if he did otherwise. Dkt. 41 at 5. Putting aside the dispute between Ross and the Bronx County District Attorney's Office over whether this excuse ought to be credited as truthful, purported advice from another inmate does not excuse an untimely request. As discussed in the Report, most of the claims Ross wishes to add to his Petition do not relate back and those that do are meritless. Ross did not argue for equitable tolling in his Petition and thus the argument would normally be foreclosed, *see Gibson v. Artus*, 407 F. App'x 517, 519 (2d Cir. 2010), but in light of Ross's *pro se* status, the Court construes his inmate-assistant argument as a request for equitable tolling of the § 2244(d)(1) deadline and will consider it.

Equitable tolling applies only in rare and exceptional circumstances. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). The party seeking it must also demonstrate reasonable diligence throughout the period he seeks to toll. *Id.* Ross did not demonstrate the necessary diligence and in any event these circumstances are not sufficiently rare and exceptional. Ross claims that he only learned that he could have included his § 440 claims in his Petition sometime in October 2016, when he learned of the bad advice he had received. Dkt. 41 at 5. But Ross had already requested that his § 440 claims be included in his Petition by letter dated March 17, 2015. Dkt. 32. At that time, Ross even argued that the Petition had meant to encompass the § 440 claims. *Id.* The Report's discussion of the § 440 claims put Ross on definitive notice that they could have been brought in his Petition, but Ross still chose not to raise his inmate-assistant excuse until his amended objections seven months later. Furthermore, Ross was always on notice from the Petition's explicit warning that if he failed to set forth all his grounds for relief "in this petition, you may be barred from presenting additional grounds at a later date." *See* Petition at 4 (Dkt. 2). Ross's newly articulated excuse for a late request demonstrates a lack of diligence and the absence of exceptional circumstances. Equitable tolling does not apply here.

9

Ross also, as he does for many different arguments, attempts to assert that he was denied a meaningful opportunity to have his ineffective-assistance claims reviewed and thus that the Court should allow him to add more claims to the Petition. But Ross already had ample opportunity to have his ineffective-assistance claims reviewed in state court,[2] and has not demonstrated that either his trial counsel or his appellate counsel who assisted him in making such claims were themselves constitutionally ineffective. *See Murray*, 477 U.S. at 488 ("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under . . . *Strickland v. Washington* . . ., we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default."). In short, Ross has made no showing that he suffered from ineffective assistance of counsel at any level or that equitable tolling is appropriate. Accordingly, as Judge Cott recommended, his request for leave to amend is granted only for his two § 440 claims that relate back, and, as discussed, the Court finds no error with Judge Cott's recommendation that those two claims are meritless.

### B. Claims from *Coram Nobis* Petition

Ross next seeks to amend his Petition to include the ineffective-assistance claims in his *coram nobis* petition. Dkt. 29. But the Report rightly found that this request is untimely and that the claims do not relate back. Report at 60–62. The *coram nobis* claims dealt with the conduct of Ross's appellate counsel, whereas his timely § 2254 claims deal with the conduct of his trial counsel. Accordingly, the claims do not share the necessary "common core of operative facts" and the *coram nobis* claims cannot relate back to those in the Petition. *Mayle*, 545 U.S. at 664; *see, e.g., Acosta v. Rock*, No. 11-CV-1071 (ARR), 2011 WL 6951222, at *2 (E.D.N.Y. Dec. 29, 2011).

---

[2] Not only were Ross's § 440 claims already considered by state court, Judge Cott also reviewed those that he deemed to have related back and rightly rejected them as meritless. Dkt. 34, Ex. 14; Report at 48–60.

The Court sees no merit to Ross's generalized objections to this procedural bar and no error with Judge Cott's conclusion that leave to amend should not be granted.[3]

## IV. Motion to Stay

Finally, in the alternative, Ross seeks a stay so that he may return to state court and exhaust "all claims that the Court may currently find are insufficiently exhausted." Dkt. 47 at 9. A stay is appropriate only if a petitioner had "good cause for [his] failure to exhaust his claims first in state court." *Rhines*, 544 U.S. at 277. And, "even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.*

Ross is vague as to exactly which claims he would like to exhaust in state court, essentially leaving it up to the Court to decide which claims are unexhausted. Ross has already litigated six ineffective-assistance claims relating to his trial counsel via his § 440 motion and others relating to his appellate counsel via his *coram nobis* petition. The claims that the Report and this Court have found procedurally barred were litigated on direct appeal, as the state appellate court rejected them, as an alternative holding, "on the merits." *Ross*, 99 A.D. 3d at 483, 485. The Report also rightly found any ineffective-assistance claims related to trial counsel not preserving these claims to be meritless, Report at 25–26, as it did for the ineffective-assistance claim (3) in the Petition and the two claims from the § 440 motion that relate back, *id.* at 37–42, 48–57. Any ineffective-assistance claim that hinges on the failure to suppress Ross's statements to the police because of his right to counsel already having attached due to his unrelated arrest would likewise be meritless. *See People v. Kazmarick*, 52 N.Y. 2d 322, 324 (N.Y. 1981) ("A pending unrelated criminal case

---

[3] Ross appears to again raise *Trevino* to excuse adding the untimely claims. But *Trevino* is not a blanket justification to relitigate ineffective-assistance claims that other courts have already considered and found meritless.

11

upon which an arrest warrant has issued does not bar the police from questioning a suspect when the suspect does not in fact have counsel on the unrelated charge."). Moreover, Ross's contention in his most recent letter that the claim that his trial counsel did not "take exception to the prosecution's failure to correct the false testimony" of a trial witness based on an allegedly inconsistent 9-1-1 call "has not been presented to any court," Dkt. 47 at 10, is accurate only if a meaningful distinction can be drawn between that failure and trial counsel's failure to cross-examine that same witness based on that same 9-1-1 call. The Court will not draw such a fine distinction and Ross already raised the latter issue as an ineffective-assistance claim in his § 440 motion. Thus, all claims that Ross has identified are either exhausted or plainly meritless. A stay would serve no purpose but to needlessly prolong this litigation, and the motion is thus denied.

## CONCLUSION

Ross's objections to the Report are without merit. The Court has reviewed the portions of the Report not objected to and finds no clear error. Save for the two § 440 claims that relate back, leave to amend the Petition is accordingly denied, and the Petition—including those two § 440 claims—is denied, as is the motion to stay. Because Ross has not made a substantial showing of a denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c); *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal of this order would not be taken in good faith. *See Coppedge v. United States,* 369 U.S. 438, 445 (1962).

The Clerk of the Court is respectfully directed to close the case.

SO ORDERED.

Dated: August 27, 2018
       New York, New York

Ronnie Abrams
United States District Judge